**UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:**<br><br>**HOLLAND SERVICES, INC.,**<br><br>　　　　　Debtor. | **Chapter 7**<br><br>**Case No. 21-10371 (JTD)** |
| **In re:**<br><br>**HOLLAND ACQUISITIONS, INC.,**<br><br>　　　　　Debtor. | **Chapter 7**<br><br>**Case No. 21-10374 (JTD)** |
| **In re:**<br><br>**HOLLAND ACQUISITION CORP.**<br><br>　　　　　Debtor. | **Chapter 7**<br><br>**Case No. 21-10375 (JTD)** |
| **In re:**<br><br>**HOLLAND INTERMEDIATE ACQUISITION CORP.**<br><br>　　　　　Debtor. | **Chapter 7**<br><br>**Case No. 21-10376 (JTD)** |

**MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THESE CHAPTER 7 CASES**

Alfred T. Giuliano ("Trustee Giuliano"), chapter 7 trustee for the bankruptcy estates of the above-captioned debtors (collectively, the "Debtors"*)*, by and through his counsel, hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto (the "Order"*),* directing joint administration of these related chapter 7 cases. In support of this Motion, Trustee Giuliano respectfully states as follows:

**JURISDICTION**

1.　　The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4. On February 4, 2021 (the "Petition Date"), each of the Debtors filed with this Court, voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

5. On or about the Petition Date, Trustee Giuliano was appointed as the chapter 7 trustee for each of the Debtors' cases.

6. As reflected on each of the Voluntary Petitions in the case, the Debtors are affiliates as that term is defined under section 101(2) of the Bankruptcy Code.

## RELIEF REQUESTED

7. Trustee Giuliano seeks entry of the Order directing joint administration of the Debtors' chapter 7 cases for procedural purposes only. Specifically, Trustee Giuliano requests that the Court maintain one file and one docket for each of these chapter 7 cases under the case of Holland Services, Inc. and that these chapter 7 cases be administered under the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **HOLLAND SERVICES, INC.,** *et al.*[1]**,** | **Case No. 21-10371 (JTD)** |
| **Debtors.** | **(Jointly Administered)** |

8. Trustee Giuliano further requests that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(l) of the Bankruptcy Code.

9. Additionally, Trustee Giuliano requests that an entry be made on the docket of each of the Debtors' chapter 7 cases, other than on the docket of the case of Holland Services, Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 7 cases of: Holland Services, Inc.; Holland Acquisitions, Inc.; Holland Acquisition Corp.; and Holland Intermediate Acquisition Corp. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 21-10371 (JTD).

**BASIS FOR RELIEF**

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f ... two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which

---

[1] The Debtors, together with the last four digits of each of the Debtor's federal tax identification number, are: Holland Services, Inc. (4908); Holland Acquisitions, Inc. (5642); Holland Acquisition Corp. (6930); and Holland Intermediate Acquisition Corp. (3308).

3

establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

11. In support of this Motion, Trustee Giuliano is filing contemporaneously herewith the *Declaration of Alfred T. Giuliano, Chapter 7 Trustee, in Support of Motion for Joint Administration* (the "Declaration").  As provided for in the Declaration, joint administration of the Debtors' respective bankruptcy estates is warranted and will ease the administrative burden for the Court and all parties in interest.

12. The relief requested herein is warranted for a number of reasons.  First, the Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code and each of the Debtor's chapter 7 case is pending in the Court.  Thus, the conditions set forth in Bankruptcy Rule 1015(b) for joint administration of these cases are satisfied.  Second, the Declaration supports this motion and establishes that the joint administration of these chapter 7 cases is appropriate and will ease the administrative burden for the Court and the parties in interest.  Numerous parties have interests in the cases of multiple Debtors.  Many of the motions, hearings, and orders in these chapter 7 cases will affect each and every Debtor entity.  Joint administration of these chapter 7 cases will reduce parties' fees and costs by avoiding duplicative filings and objections and make the most efficient use of the Court's valuable resources.  Joint administration also will allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 7 cases with greater ease and efficiency.  No party in interest will be prejudiced by the joint administration of these chapter 7 cases.  Joint administration here is requested for procedural purposes only.  Thus, the conditions set forth in Bankruptcy Rule 1015(b) and Local

Rule 1015-1 for joint administration of these cases are satisfied.

13. Joint administration is routine, and courts in this district frequently order joint administration in cases with multiple related debtors. *See, e.g., In re Fisker Auto. Holdings, Inc.,* No. 13-13087 (KG) (Bankr. D. Del. Nov. 26, 2013) (directing joint administration of chapter 11 cases); *In re Physiotherapy Holdings, Inc.,* No. 13-12965 (KG) (Bankr. D. Del. Nov. 14, 2013) (same); *In re Longview Power, LLC,* No. 13-12211 (BLS) (Bankr. D. Del. Sept. 3, 2013) (same); *In re Maxcom Telecomunicaciones, S.A.B. de C. V,* No. 13-11839 (PJW) (Bankr. D. Del. July 25, 2013) (same); *In re Dex One Corp.,* No. 13-10533 (KG) (Bankr. D. Del. Mar. 18, 2013) (same); *In re Conexant Sys., Inc.,* No. 13-10367 (MFW) (Bankr. D. Del. Mar. 1, 2013) (same).[2]

## NOTICE

14. Trustee Giuliano provided notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) Debtor and Debtors' counsel; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

15. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, Trustee Giuliano respectfully requests that the Court enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems appropriate.

---

[2] Because of the voluminous nature of the orders cited herein, such orders are not attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

|  |  |
|---|---|
|  | **BIELLI & KLAUDER, LLC** |
| Dated: October 5, 2021 | */s/ David M. Klauder* |
|  | David M. Klauder, Esquire (No. 5769) |
|  | 1204 N. King Street |
|  | Wilmington, DE 19801 |
|  | Phone: (302) 803-4600 |
|  | Fax: (302) 397-2557 |
|  | Email: dklauder@bk-legal.com |
|  |  |
|  | *Counsel to the Chapter 7 Trustee* |